UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No. 05-80617

ROBIN WILSON,                                          HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)[1]

### I.

    This is a criminal case.  Before the Court is defendant's pro se motion for return of property.  Defendant seeks the return of property, including currency, seized by the government in connection with his criminal proceedings on the grounds that the government failed to commence forfeiture proceedings against him.  The government, at the Court's direction, filed a response.  For the reasons that follow, the motion is DENIED.

### II.

    On July 19, 2005, defendant was charged in a multi-defendant and multi-count Second Superceding Indictment with one count of conspiracy to distribute controlled substances, in violation of 18 U.S.C. §§ 841, 846 and one count of conspiracy to

_____

[1] Defendant cited Fed. R. Crim. P. 41(e).  Although motions to return property were previously made pursuant to Rule 41(e), in 2002, this subsection was redesignated Rule 41(g) without substantive change.

launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(h), and one count of use of a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b). Defendant was also charged with criminal forfeiture, in violation of 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1).

On December 15, 2005, defendant plead guilty under a Rule 11 agreement to one count of conspiracy to distribute controlled substances and one count of conspiracy to launder monetary instruments. As part of the Rule 11 agreement, defendant stipulated to the forfeiture of his interest in, inter alia, (1) a 2005 Chevy Corvette, (2) a 1972 Oldsmobile Cutlas, (3) in excess of $2.1 million in cash, (4) one diamond watch, (5) two firearms, and (6) two parcels of real property. Defendant also agreed to the entry of orders of forfeiture for the property and waived his right to a jury trial to determine the forfeitability of his interests in the property. See paragraph 3. D.

Consistent with the Rule 11 agreement, on December 20, 2005, the Court entered a Preliminary Order of Forfeiture with respect to defendant's interest in the above listed property.

On February 7, 2008, defendant was sentenced to 96 months imprisonment.[2] Defendant did not appeal his conviction or sentence.

Thereafter, in April and July 2008, the government filed returns of service on defendant indicating that defendant had been served with final orders of forfeiture as to the property at issue. On June 16, 2008, the government filed a Declaration of

---

[2] The sentence was below the guideline range of 188 to 211 months called for in the Rule 11 agreement and the probation department's recommended range of 188 to 235 months. The departure was based on defendant rendering substantial assistance to the government under 18 U.S.C. § 3553(e).

Publication regarding the 1972 Cutlass, indicating notice of its intent to dispose of the property.

On June 23 2008, defendant filed the instant motion.

III.

Fed. R. Crim. P. 41(g) states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) is grounded in principles of equity. Floyd v. United States, 860 F.2d 999, 1002-03 (10th Cir. 1988). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party. . . . " United States v. Popham, 382 F. Supp. 2d 942, 955-56 (E.D. Mich. 2005). The moving party must demonstrate a proprietary interest in the property he/she seeks to be returned. Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir. 1982). The burden thereafter shifts to the Government to show that it has legitimate interest in retaining the property at issue. United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).

Because defendant filed the motion after the close his of criminal proceedings, the motion is to be treated as a civil action in equity. See United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990).

Defendant argues that he is entitled to the return of his property because the government did not commence criminal forfeiture proceedings against him. This

argument lacks merit.  As noted above, defendant <u>agreed</u> in the Rule 11 agreement and in an order of preliminary forfeiture to the forfeiture of his interest in all of the property he now seeks returned.  The government therefore did not have to commence criminal forfeiture proceedings against him because defendant consented to the forfeitures.  In short, defendant cannot establish an interest in the items seized because he previously forfeited his interest.  The Court also notes that although defendant agreed to not contest the forfeitures, he has been given notice of the forfeitures as evidenced by the government's filings in this case.  Finally, as the government points out, defendant waived his right to challenge the forfeitures in the Rule 11 agreement and is not otherwise entitled to re-litigate the propriety of the forfeitures.

SO ORDERED.


 s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 5, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Robin Wilson, #39784-039, FCI Gilmer, P.O. Box 6000, Glenville, WV 26351 on this date, August 5, 2008, by electronic and/or ordinary mail.


 s/Julie Owens_____
Case Manager, (313) 234-5160